## THE STATE v. T. R. LAYTON, Appellant.

**Division Two, December 12, 1905.**

1. **POSSESSION OF BURGLAR'S TOOLS: Evidence.** The evidence showed that defendant and another were arrested, and that the other party was carrying a grip which was unlocked by defendant at the police station, and the grip and its contents were then and there claimed by him. The grip contained two revolvers, some cartridges, a dark lantern, screwdriver, jimmy, blow pipe, pick, false keys, pair of pinchers, and other tools of the kind employed by burglars in the breaking open of buildings and safes, and the unlocking of doors; and the grip also contained a shirt which defendant was permitted to keep and wear. The evidence also showed that, after his arrest and confinement, defendant attempted to break out of jail. *Held,* that the evidence was sufficient to justify a verdict finding defendant guilty of having burglar's tools in his possession.

2. **INSTRUCTION: Reasonable Doubt.** When the question of reasonable doubt is fully covered in an instruction given by the court, it is not necessary to embody it in another instruction.

Appeal from Buchanan Criminal Court.—*Hon. B. J. Casteel,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) No objection can be made to instruction 2 because it omitted the words "beyond a reasonable doubt." Instruction 1 properly told the jury that the defendant was presumed to be innocent and must be proved guilty beyond a reasonable doubt. This was sufficient; it was not necessary to add said words to every instruction. State v. Smith, 164 Mo. 567. (2) The evidence was amply sufficient to sustain the verdict; in fact, it is impossible to see how the jury could have done otherwise, if they believed the State's witnesses.

BURGESS, P. J.—Defendant was charged in an information lodged by the prosecuting attorney of Bu-

chanan county with the clerk of the criminal court of said county, together with one Wm. C. Strickland, with having in their possession and concealed about their persons burglar's tools, on the 13th day of September, 1904. A severance was granted them, and defendant put upon his trial in said court. He was convicted of the charge preferred against him and his punishment fixed at two years' imprisonment in the penitentiary. From the judgment the defendant appeals.

The facts, briefly stated, are:

Defendant and Strickland stopped at a rooming house in St. Joseph and occupied the same room. The suspicions of the police having in some way been aroused with respect to their conduct, officers J. W. Wilson and Charles Beauchamp were detailed to watch them. On the 6th day of August, 1904, these officers arrested and took both of them to the police station. Strickland was carrying a grip which was unlocked by the defendant at the police station, and the grip and its contents were then and there claimed by the defendant. When the grip was opened it was found to contain two revolvers, some cartridges, a dark lantern, a screwdriver, a jimmy, a blow pipe, a gas tube, a pick, a portable vice, a platinum wire, some false keys, some charcoal, some files, some skeleton keys, a pair of scissors, a pair of pinchers, chalk, snips, etc. In addition to all of these, a shirt was found in the grip which defendant was permitted to keep and wear. Defendant stated to the officers that he used the charcoal and blow pipe to melt metal, but refused to tell what he was doing with the other articles.

The evidence showed that the tools found in the grip were of the kind and character used by burglars in the breaking open of buildings and safes, and in the fitting of keys and unlocking of doors. The evidence also showed that, after his arrest and confinement in jail, defendant attempted to break out, and to that end made an opening in the floor of his cell. When ques-

tioned about it next morning, and asked if he intended to leave there, he replied that he did. The defendant testified in his own behalf that he was never arrested before; never had any of the tools in his possession, and did not own them.

The court gave the usual instructions in such cases. While the defendant is not represented in this court, he filed a motion for a new trial in the court below in which he assigned for error the action of the court in admitting illegal testimony and excluding competent and legal testimony; that the verdict of the jury was against the weight of the evidence and against the law and the evidence; that the court failed to properly instruct the jury as to the law and illegally gave instruction number two.

As the only instruction given by the court which is specifically challenged is instruction number two, it alone will be noticed. The only objection urged against this instruction is that it omitted the words "beyond a reasonable doubt;" but the jury was told in the first instruction given by the court that "the defendant is presumed to be innocent of the offense with which he stands charged, and this presumption continues throughout the case until overcome by evidence showing him guilty beyond a reasonable doubt, and if the jury have a reasonable doubt of defendant's guilt, they should acquit him; but such doubt to justify an acquittal must be a substantial doubt, founded on the evidence, and not a mere possibility of defendant's innocence." It was, therefore, unnecessary to embody this question in any other instruction in this case. The defendant was given the full benefit of it by said first instruction.

The evidence fully warranted the verdict of the jury and established the defendant's guilt beyond any question. Finding no reversible error in the record, the judgment will be affirmed. It is so ordered.

All concur.